**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ADRIAN KARIMI,

    Plaintiff(s),

v.

POKER MEDIA SYSTEM SAS,

    Defendant(s).

2:13-CV-1250 JCM (NJK)

**ORDER**

Presently before the court is pro se plaintiff's motion for temporary restraining order seeking injunctive relief for trademark infringement. (Doc. # 2).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. FED. R. CIV. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v.*

**James C. Mahan**
**U.S. District Judge**

*Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

Plaintiff, a sole proprietor, creates and sells computer programming. (Doc. # 1). From August 2010 to present, plaintiff's company has created and sold a popular Google Andriod and Apple iPhone application called "POKERFINDER." In March 2011, plaintiff obtained a Nevada trademark for "POKERFINDER." Plaintiff alleges that defendant is a company engaged in the same business as plaintiff with its principal place of business in France.[2] Plaintiff alleges that defendant created its own version of Poker Finder which plaintiff became aware of in April 2011.

Plaintiff alleges that defendants falsely told Apple and Google that it already received a trademark for its own version of Poker Finder and based on this information Apple and Google removed plaintiff's application from their stores pending resolution of ownership between plaintiff and defendant. Plaintiff argues that defendant has been refusing to communicate with plaintiff to resolve this issue. Plaintiff now seeks a temporary restraining order enjoining defendant from using the Poker Finder name.

Plaintiff must establish real and immediate irreparable harm before this court may grant a temporary restraining order. Plaintiff has not met that high burden. Based on the facts presented, plaintiff's alleged injuries do not establish the requisite immediacy to warrant a temporary restraining order. Plaintiff has been aware of defendant's alleged infringing conduct for *over two years* before filing the instant request seeking immediate injunctive relief. Temporary restraining orders are a mechanism for the court to deal with real, immediate, and serious risks and injuries. Plaintiff's delay in protecting his alleged interests demonstrates that this situation does not warrant immediate ex parte relief.

Plaintiff has also filed a motion for a preliminary injunction seeking the same relief sought herein. (Doc. # 3). The court finds it appropriate for defendant to respond to plaintiff's contentions

---

[1] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

[2] Plaintiff alleges that defendant has been transacting business in this jurisdiction by way of Apple and Google application stores on mobile devices.

**James C. Mahan**
**U.S. District Judge**

- 2 -

before the court revisits this issue.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 2 ) be, and the same hereby, is DENIED.

DATED July 17, 2013.

_____
UNITED STATES DISTRICT JUDGE