UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN KARIMI,<br><br>    Plaintiffs,<br><br>vs.<br><br>POKER MEDIA SYSTEMS SAS,<br><br>    Defendants. | 2:13-cv-01250-JCM-NJK<br><br>**ORDER QUASHING**<br>**SERVICE** |

Before the Court is the Summons Returned Executed (#8) filed on July 23, 2013.

## **BACKGROUND**

On July 15, 2013, the Plaintiff, appearing *pro se*, filed the Complaint in this matter as well as a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction. Docket No. 1, 2, and 3, respectively. That same day, the Court issued a summons as to Defendant Poker Media Systems SAS. Docket No. 4. According to the Complaint, Poker Media Systems SAS is a company with its principal place of business in France. Docket No. 1.

On July 17, 2013, the Court denied the Plaintiff's Motion for Temporary Restraining Order, finding that the Plaintiff did not meet the high burden of establishing the immediate irreparable harm necessary for the Court to grant a temporary restraining order. Docket No. 7, at 2. The Court also addressed the Motion for Preliminary Injunction in that Order and indicated that it was appropriate for the Defendant to respond to the Plaintiff's contentions before the Court made a decision on the preliminary injunction. *Id*.

. . .

. . .

On July 23, 2013, the Plaintiff filed the Summons Returned as Executed. Docket No. 8. The proof of service indicates that the Plaintiff served the summons on Kaza Avocats via UPS tracked mail. *Id*. The Plaintiff represents that Kaza Avocats is the law firm representing Poker Media Systems and that it has authority to receive all communication on behalf of the Defendant. *Id*. Attached to the proof of service is a letter dated March 16, 2011, which indicates that, at the time the letter was sent, Kaza Avocats was appointed to represent the interests of Poker Media Systems SAS and it is located in Paris, France. *Id*.

**DISCUSSION**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). "[T]he party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). While the court should indeed give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir.2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir.2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

Here, the Plaintiff has represented that Poker Media Systems SAS is a company with its principal place of business in France and, therefore, proper service should be in accordance with Fed.R.Civ.P. 4(f).[1] *See e.g. Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

. . .

. . .

---

[1] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) except personal delivery under (f)(2)(C)(i).

Fed.R.Civ.P. 4(f) provides:

(f) *Serving an Individual in a Foreign Country.* Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

    (C) unless prohibited by the foreign country's law, by:

        . . .

        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

In order for the Court to intervene under Rule 4(f)(3), the Plaintiff must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Properties, Inc.*, 284 F.3d at 1014.

Here, the Plaintiff mailed a copy of the summons to Kaza Avocats, a law firm that indicated over two years ago that it represented Poker Media Systems, and took no further action. There is no indication that at the time the Plaintiff mailed service to Kaza Avocats, Kaza Avocats was still representing Poker Media Systems. While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (*United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984)), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements (*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)). Consequently, as there is no indication that the Defendants received service,

1  the Court finds that the Plaintiff has not met his burden to demonstrate service was proper.

2  Accordingly, the Court will exercise its discretion to *sua sponte* quash service under Rule
3  12(b)(5). *See e.g. Patel-Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev. Apr.
4  23, 2013), *citing Issaquah School District No.* 411, 470 F.3d at 1293 (citation omitted). The
5  Plaintiff will be given the opportunity to cure the error in service.

6  Finally, although the 120-day service period set forth Rule 4(m) does not apply to
7  service of process on an individual or corporation in a foreign country,[2] the court is not precluded
8  from setting a reasonable time limit for service in a foreign country so that it can properly
9  manage a civil case. *See Baja Developments LLC v. TSD Loreto Partners*, 2009 WL 2762050 (D.
10 Ariz.) (citations omitted).  The Plaintiff has 120 days from the date of this order to complete
11 service of process on the Defendants. Proof of service must be filed no later than December 6,
12 2013.

13 **CONCLUSION**

14 Based on the foregoing, and good cause appearing therefore,

15 **IT IS HEREBY ORDERED** that Summons Returned Executed (#8) is quashed pursuant
16 to Rule 12(b)(5).

17 **IT IS FURTHER ORDERED** that the Plaintiff must serve the Defendants in accordance
18 with Fed.R.Civ.P. 4(f) no later than December 6, 2013.

20 DATED this   8th   day of August, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."); *see also e.g. Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991) ("The plain language of [Rule 4(m)] makes the 120-day service provision inapplicable to service in a foreign country.").