1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ADRIAN KARIMI,

        Plaintiff(s),

v.

POKER MEDIA SYSTEM SAS,

        Defendant(s).

2:13-CV-1250 JCM (NJK)

## ORDER

Presently before the court is plaintiff, appearing *pro se*, Adrian Karimi's motion for a preliminary injunction. (Doc. # 3). Defendant Poker Media System, SAS had up to, and including August 1, 2013, to respond but has failed to do so.

**I.  Background**

Plaintiff, a sole proprietor, creates and sells computer programming. (Doc. # 1). From August 2010 to present, plaintiff's company has created and sold a popular Google Andriod and Apple iPhone application called "POKERFINDER." In March 2011, plaintiff obtained a Nevada trademark for "POKERFINDER." Plaintiff alleges that defendant is a company engaged in the same business as plaintiff with its principal place of business in France.2 Plaintiff alleges that defendant created its own version of Poker Finder which plaintiff became aware of in April 2011.

Plaintiff alleges that defendants falsely told Apple and Google that it already received a trademark for its own version of Poker Finder and based on this information Apple and Google

1  removed plaintiff's application from their stores pending resolution of ownership between plaintiff
2  and defendant. Plaintiff argues that defendant has been refusing to communicate with plaintiff to
3  resolve this issue.

4      Plaintiff sought a temporary restraining enjoining defendant from using the Poker Finder
5  name. (Doc. # 2). The court denied the motion because plaintiff failed to establish real and
6  immediate irreparable harm. (Doc. # 7). The court noted that plaintiff had also filed a motion for a
7  preliminary injunction and held that it was appropriate for defendant to respond before the court
8  revisited the issue.

9      Defendant had up to, and including August 1, 2013, to file a response. To date, defendant has
10 failed to do so.

11 **II.  Legal standard**

12     According to Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction
13 when the moving party provides specific facts showing that immediate and irreparable injury, loss,
14 or damage will result before the adverse party's opposition to a motion for preliminary injunction
15 can be heard. FED. R. CIV. P. 65. The Supreme Court has stated that courts must consider the
16 following factors in determining whether to issue a preliminary injunction: (1) likelihood of
17 irreparable injury if preliminary relief is not granted; (2) a likelihood of success on the merits; (3)
18 balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20
19 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may
20 only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A
21 moving party is required to make a showing that all of these requirements have been met. *American*
22 *Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

23 **III. Discussion**

24     "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat
25 of an irreparable injury." *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir.
26 2000). For an order granting prospective injunctive relief, the moving party is required to
27 "demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of America*, 318

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  F.3d 914, 918 (9th Cir. 2003) (citation omitted).

2      The court finds that the same reasons it declined to grant a temporary restraining order
3  applicable here. Based on the facts presented, plaintiff's alleged injuries do not establish the requisite
4  immediacy to warrant a preliminary injunction. Plaintiff became aware of defendant's alleged
5  infringing conduct *over two years* before filing the instant request seeking preliminary injunctive
6  relief. Plaintiff's delay in protecting his alleged interest demonstrates that this situation does not
7  warrant preliminary relief.

8      Further, motions for a preliminary injunction are intended to be briefed by both
9  sides–however, here because of the inadequacy of service, defendant has not been properly served.[1]
10  Based on plaintiff's failure to establish the first requirement to warrant a preliminary injunction, the
11  court need not address the other factors and declines to issue preliminary injunctive relief.

12  **IV.  Conclusion**

13      Accordingly,

14      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Adrian Karimi's
15  motion for a preliminary injunction (doc. # 3) be, and the same hereby is, DENIED without
16  prejudice.

17      DATED August 12, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

---

[1] See Magistrate Judge Koppe's order quashing service. (Doc. # 9).

**James C. Mahan**
**U.S. District Judge**