# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ADRIAN KARIMI,

        Plaintiff(s),

v.

POKER MEDIA SYSTEM SAS,

        Defendant(s).

2:13-CV-1250 JCM (NJK)

**ORDER**

Presently before the court is *pro se* plaintiff Adrian Karimi's motion to reconsider. (Doc. # 11). Defendant Poker Media System, a corporation with its principal place of business in France, did not respond.

Plaintiff brought this *pro se* trademark infringement action against defendant on July 15, 2013. On that same day, the court issued a summons as to defendant. On July 23, 2013, plaintiff filed the summons returned as executed. (Doc. # 8). The proof of service provided by plaintiff indicates that the summons was served upon Kaza Avocats, a law firm in France. *Id*. Plaintiff attached a letter sent by Kaza Avocats dated March 16, 2011, which states that Kaza Avocats, at that time, had been appointed to represent the interests of defendant. *Id.*

On August 8, 2013, Magistrate Judge Koppe issued a *sua sponte* order quashing service of process. (Doc. # 9). The order stated that the service was insufficient because "[t]here is no indication that at the time the [p]laintiff mailed service to Kaza Avocats, Kaza Avocats was still representing Poker Media Systems." *Id.* The order granted plaintiff an additional 120 days to

**James C. Mahan**
**U.S. District Judge**

1  complete service of process upon defendant. *Id.*

2  Plaintiff now asks the court to reconsider the order of the magistrate judge because the United
3  States Patent and Trademark Office's web site as well as "trademarkia.com" both list Kaza Avocats
4  as the correspondent of defendant. (Doc. # 11, 4:17-22). Plaintiff argues that this information shows
5  that the magistrate judge's order was clearly erroneous. *Id.* at 4:23-25.

6  The district court "may reconsider any pretrial matter [adjudicated by the magistrate judge]
7  . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."
8  28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a). The district judge may "affirm, reverse or modify, in whole
9  or in part, the ruling made by the magistrate judge." LR IB 3-1(b). Under the "clearly erroneous"
10 standard, the magistrate judge's ruling must be accepted unless, after a review of the record, the court
11 is "left with the definite and firm conviction that a mistake has been committed." *United States v.*
12 *Silverman*, 861 F.2d 571, 576-77 (9th Cir.1998).

13 The question as to whether proper service upon Kaza Avocats would be sufficient to give
14 notice to defendant in accordance with Fed. R. Civ. P. 4(f) need not be answered at this time. As it
15 stands, plaintiff's service of process did not conform with the requirements of Fed. R. Civ. P. 4(f).[1]
16 The Federal Rules of Civil Procedure allow for "service at a place not within any judicial district of
17 the United States" if the process is sent "by the clerk of court, using a form of mail requiring a signed
18 receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii); *Brockmeyer v. May*, 383 F.3d 798, 808 (9th Cir. 2004).
19 Additionally, a plaintiff may seek leave of the court to serve process by other means not prohibited
20 by international agreement. *See* Fed. R. Civ. P. 4(f)(3); *Brockmeyer*, 383 F.3d at 808.

21 Plaintiff's motion states clearly that "*Plaintiff* served summons on Kaza Avocats via UPS
22 tracked mail with signature confirmation." (Doc. # 11, 3:1-2) (emphasis added). By neither arranging
23 for the process to be sent by the clerk of court nor seeking leave of the court to send it himself,
24 plaintiff failed to adhere to the procedure laid out in Fed. R. Civ. P. 4(f). Thus, because plaintiff did
25 not adhere to the methods of international service authorized by Rule 4(f), plaintiffs attempted

---

[1] Fed. R. Civ. P. 4(h)(2) allows for process to be served upon a foreign corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual."

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  service was ineffective. *See Brockmeyer*, 383 F.3d at 809.

2      Because plaintiff's attempted service was ineffective, the magistrate judge's order was
3  neither clearly erroneous nor contrary to law, and plaintiff's motion to reconsider will be denied.

4      Accordingly,

5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Adrian
6  Karimi's motion to reconsider (doc. # 11) be, and the same hereby is, DENIED.

7      DATED October 10, 2013.

                                                               UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**