UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIAN KARIMI,<br><br>                 Plaintiff(s),<br><br>v.<br><br>POKER MEDIA SYSTEM SAS,<br><br>                 Defendant(s). | 2:13-CV-1250 JCM (NJK) |

**ORDER**

Presently before the court is plaintiff Karimi's motion for default judgment. (Doc. #19).

**I.      Background**

Plaintiff Adrien Karimi ("Karimi") has attempted to serve defendant Poker Media System SAS ("Poker Media"), a company based in France, two times for claims related to copyright infringement. On August 8, 2013, Karimi's first attempt at service was quashed, as there was uncertainty as to whether Karimi had sufficiently served Poker Media through its counsel. (Doc. #9). On December 3, 2013, Karimi attempted to serve Poker Media via international express mail that required a signature. With the assistance of the clerk of court (as called for under Fed. R. Civ. P. 4(f)(2)(C)(ii)), Karimi sent summonses to Poker Media and Kaza Avocats, who Karimi believes to be counsel for Poker Media. There has been no response by Poker Media or Kaza Avocats, and Karimi now requests that the court enter default judgment in his favor.

**James C. Mahan**
**U.S. District Judge**

**II.     Discussion**

The resolution of this motion hinges upon whether Poker Media was properly served. Because service of process was attempted in France, a party to the Hague Convention, the validity of service is controlled by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter "Convention on Service Abroad"). *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The court cannot grant default judgment if the defendant has not been properly served.

The primary means by which service is accomplished under the Convention on Service Abroad is through the receiving country's "central authority." *Id.* Karimi did not attempt service in this manner. However, the Convention on Service Abroad does allow for other methods of service. Article 10(a) of the Convention on Service Abroad states, "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Convention on Service Abroad, Nov. 16, 1965, 20 U.S.T. 361.

The Ninth Circuit has held that this provision allows service by international mail as long as the receiving country does not object. *Brockmeyer*, 383 F.3d at 803. Importantly, the convention does not determine the validity of service by mail under the law of the forum state. *Id.* at 803-04.

Article 15 of the Convention on Service Abroad states:

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -
>
> 1. *a)* the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
>
>    *b)* the document was actually delivered to the defendant or to his residence by another method provided for by this Convention.

Convention on Service Abroad, Nov. 16, 1965, 20 U.S.T. 361. Accordingly, authorization of service by international mail must come from the law of the forum in which the service is attempted—in this

James C. Mahan
U.S. District Judge

- 2 -

instance, France.

The relevant French law states, "[s]ervice on a corporate entity must be effected personally, where the documents must be delivered to its legal representative, to its authorized recipient, or to any other person empowered to do the same." Code Civil [C. Civ.] art. 654 (Fr.); 1 The French Code of Civ. Proc. in English Article 654.

Karimi sent a summons to Poker Media that required a signature, and he filed the certificate of mailing with this court. (Doc. #14). The certificate of mailing includes tracking information that shows that the summons was delivered, but the tracking information does not indicate who accepted and signed for the summons. Without documentation showing that the person who accepted the package was empowered to accept it for the purposes of service, the court is unable to rule that the service was proper under French law, and thus proper under the Hague Convention.

In *Intelsat Corp. v. Multivision TV LLC*, the court found that there was not enough evidence to find that a Spanish defendant had been properly served when evidence established that two different receptionists at the defendant's place of business had received summonses meant for him. 736 F. Supp. 2d 1334, 1341-42 (S.D. Fla. 2010). The court has no information as to who received the summons meant for Poker Media and its legal counsel. Without documentation conveying who received the package, this court cannot be sure that the defendant has been served in accordance with French law or that the summons was actually delivered to the defendant.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Karimi's motion for default judgment (doc. # 19) be, and the same hereby, is DENIED.

. . .
. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff Karimi is ordered
2 to show cause why the court should not quash service in this matter.  Plaintiff Karimi shall have thirty
3 days from the entry of this order to file documentation with the court demonstrating that the summons
4 was properly served upon defendant.

DATED May 30, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -